CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAR 17 2006 Danville

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| GEORGE B. MYERS, | ) | CASE NO. 4:05CV00039 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's April 7, 2003 claim for a period of disability, disability benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 *et seq.* is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to the defendant and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 52 years old with an eleventh grade high school education and with past relevant work as a laborer and security guard, had not engaged in substantial gainful activity since his alleged date of disability onset, January 18, 2001, and that he was insured for disability benefits through at least December 31, 2004. (R.

13, 17.) The Law Judge further found that plaintiff is a chronic alcoholic who has developed alcohol-related complications of liver and kidney disease, pancreatitis, and organic brain damage which are severe impairments, and that ultimately plaintiff is disabled under Listing 12.09. (R. 13-14, 17.) The Law Judge was of the view that plaintiff's allegations concerning his limitations were "not totally credible," and that he if abstained from using alcohol, his functional capacity would naturally increase and he would retain the residual functional capacity to perform simple, routine, and repetitive work that would not require him to lift more than twenty pounds occasionally and ten pounds frequently or stand and walk for longer than six hours in an eight-hour workday. (R.16-18.) The Law Judge noted that a vocational expert (VE) testified that if plaintiff was consistently drunk, to the point that he could not get out of bed and go to work, then he "could not perform" either his past relevant or any other alternate gainful work. (R. 17.) Relying on testimony provided by the vocational expert (VE), the Law Judge concluded that alcoholism was "a contributing factor" to plaintiff's disability. (R. 17, 18.) The Law Judge determined that plaintiff retained the ability to perform his past relevant work as a security guard or other jobs which existed in significant numbers in the economy, such as a hand packager, assembly line worker, and production inspector. (*Id.*) The Law Judge, thus, concluded that plaintiff was not disabled under the Act. (*Id.*)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons the plaintiff advanced on appeal, to review the Law Judge's decision. (R. 5-7.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing

2

symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545 and 416.927-404.945; *Hayes v, Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court must affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

Plaintiff has filed an "Appeal Brief," in which he argues that the case should be remanded to allow the Law Judge to further consider the nature and extent of his impairments. Plaintiff believes the Law Judge did not properly apply the regulatory standard used in cases involving alcoholism, which initially requires a determination of whether the claimant is disabled apart from alcohol or drug abuse before determining drug addiction or alcoholism is a contributing factor that is material to the claimant's disability. 20 C.F.R. § 404.1535(a)-(b).

The Commissioner takes the position that the requirements of the sequential evaluation have been met, and that because the plaintiff failed to carry his burden, the Law Judge simply found the plaintiff possessed the residual functional capacity to perform his past relevant work. Thus, the inquiry ended at that point in the sequential evaluation, compelling a finding plaintiff was not disabled. Furthermore, the Commissioner offers that the Law Judge found that alcoholism was a contributing factor to a determination of plaintiff's disability, and that plaintiff was not able to show that, absent alcoholism, his medical complications precluded his past relevant work as a security guard.

There is no question that a Law Judge initially must evaluate a disability claim under the regulatory five-step sequential inquiry *without* considering the impact of alcoholism or drug addiction. *See McGhee v. Barnhart*, 366 F.Supp.2d 379, 389 (W.D.Va. 2005). If the Law Judge concludes that the claimant is not disabled, then the inquiry ceases and the claimant is not entitled to disability benefits. *Id.* In the event the Law Judge concludes the claimant is disabled, and there is medical evidence of drug addiction or alcoholism, the Law Judge must apply 20 C.F.R. § 404.1535 to determine whether the claimant still would be disabled if he ceased using drugs or alcohol. *Id.* (citing *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001)).[1]

Here, the Law Judge found that plaintiff suffered a severe impairment which met the criteria set forth in 12.09 of the Listings, which includes "[b]ehavioral changes or physical changes associated with the regular use of substances that affect the central nervous system." The Law Judge then determined that because the effects of plaintiff's conditions were not irreversible and would improve if he refrained from using alcohol, his alcoholism was a contributing factor to his disability. Substantial evidence supports the Law Judge's findings in that regard.

On July 19, 2003, Blanche Williams, Ph.D., a clinical psychologist, performed a psychological evaluation on plaintiff and concluded that "[w]hether his alcoholism has done any

---

[1] Suffice it to say that this analytical paradigm envisions finding that although claimant suffers a medically determinable impairment which was caused by alcohol or drug abuse, that alcohol or drug abuse is not a contributing factor to the claimant's disability. In other words, a claimant can recover benefits where alcohol or drug abuse caused or contributed to a medically determinable impairment which, in turn produced a medically diagnosable impairment which disables the claimant irrespective of alcoholism or drug abuse. In such a case, alcoholism or drug addiction would not be a contributing factor to disability, though it clearly would contribute as the cause of the medically determinable, disabling impairment.

permanent damage cannot be determined until he has been free of alcohol for about six months." (R. 260.) Additionally, DDS physicians opined in July and October 2003 that plaintiff's "condition would respond to treatment if he would discontinue use of alcohol." (R. 272.) According to plaintiff, he stopped consuming alcohol in June 2004[2].

Plaintiff next argues that the Law Judge failed to properly assess the impact of his rhabdomyolysis.[3] In this connection, plaintiff suggests that the ME of the hearing failed to account for the fact that he suffers effects of this disease because the ME conceded only a "slight familiarity" with the disease. Pl's Brief, p. 2.

The undersigned concludes that there is substantial evidence to support the Law Judge's finding that plaintiff's rhabdomyolysis is a alcohol-related condition causing reversible damage to plaintiff that would improve if he stopped drinking. The record reveals that plaintiff's rhabdomyolysis improved after he was hospitalized at Danville Regional Medical Center in June 2002 and again in March 2003, during which hospitalizations he was alcohol free. (R. 147, 216.)

Plaintiff's assertion that the ME lacked sufficient expertise on the subject of rhabdomyolysis also lacks merit. Wayne Sloop, Ph.D., the ME, is a clinical psychologist, and his evidence related solely to plaintiff's alleged *mental* impairment. Whether Sloop possessed expertise on the subject of rhabdomyolysis, a *physical* condition, neither is relevant nor material to the Law Judge's finding about plaintiff's rhabdomyolysis.

---

[2]By July 15, 2004, the date of his hearing before the Law Judge, plaintiff indicated he had been alcohol free for approximately one month. (R. 370.)

[3]Rhabdomyolysis is defined as the disintegration or dissolution of muscle associated with the excretion of myoglobin in the urine. Def's Brief, p. 4 (citing *Dorland's Illustrated Medical Dictionary* 1150 (26th ed. 1985)).

5

For these reasons, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

3-17-06
Date

6